James Dean REYNOLDS, Relator,

v.

Honorable Charles DICKENS,
Respondent.

No. 2–84–239–CV.

Court of Appeals of Texas,
Fort Worth.

May 6, 1987.

Alley & Alley, Richard Alley, Russell, Turner & Laird, Randall Turner and Steven C. Laird, Fort Worth, for relator.

Tim Curry, Dist. Atty., and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for respondent.

Before JOE SPURLOCK, II, HILL and LATTIMORE, JJ.

## OPINION ON WRIT OF MANDAMUS

JOE SPURLOCK, II, Justice.

On February 27, 1985, this court conditionally granted a writ of mandamus directing Honorable Charles Dickens, Judge of the 297th District Court,[1] to grant certain discovery to relator, James Dean Reynolds. *Reynolds v. Dickens*, 685 S.W.2d 479 (Tex. App.—Fort Worth 1985). Subsequently, Judge Dickens petitioned the Court of Criminal Appeals to grant a writ of mandamus against this court. The Court of Criminal Appeals held that this court had clearly abused its discretion in granting the writ of mandamus. Holding that this court has mandamus power, nevertheless the Court held we may not use that power to remedy a trial court's action in a criminal discovery matter. The trial court's ruling on discovery is a discretionary act of the trial court, the improper exercise of which is correctable by appeal, which is considered an adequate remedy by the Court of Criminal Appeals. *Dickens v. Court of Appeals for the Second Supreme Judicial District of Texas*, 727 S.W.2d 542, 552 (Tex.Crim. App.1987).

Pursuant to this finding, the Court of Criminal Appeals conditionally granted the trial court's application for mandamus against this court. In its opinion, the Court of Criminal Appeals stated: "[i]f the Court of Appeals does not withdraw its order of mandamus, then writ will issue." *Dickens*, 727 S.W.2d at 555.

In accord with the holding of the Court of Criminal Appeals, we hereby withdraw and vacate our opinion and judgment dated February 27, 1985, which conditionally granted Reynolds' petition for writ of mandamus, and deny the petition for writ of mandamus.

1. Judge Dickens died while the proceeding was pending before the Court of Criminal Appeals, and his successor in office was substituted as relator in that cause.